GRASZ, Circuit Judge, dissenting.
 

 Because I do not believe net protocol conversions qualify as information services under the federal Communications Act, I would reverse the district court's conclusion that federal law preempts state regulation of Charter's Spectrum Voice service.
 

 I. Background
 

 The FCC and the telecommunications industry have long debated the question of how best to address protocol conversions when categorizing services. In its
 
 Computer II
 
 inquiry in 1980, the FCC created a "relatively clear-cut" distinction between "basic services" and "enhanced services."
 
 In the Matter of Amendment of Section 64.702 of the Commission's Rules and Regulations (Second Computer Inquiry)
 
 ,
 
 77 F.C.C.2d 384
 
 , 420-21 ¶ 97 (1980) ("
 
 Computer II
 
 "). Basic services were the typical telecommunications services, while any improvement on that service was an enhanced service, including protocol conversions.
 
 Id.
 
 at ¶ 97, 99. This conclusion was not unanimous because, as a dissenting commissioner argued, some type of protocol conversion may be necessary to provide any service.
 
 Id.
 
 at 511-12, 516 (Fogarty, Comm'r, dissenting in part). In 1983, the FCC clarified that some protocol conversion is necessary to basic services, but it narrowly construed which protocol conversions are necessary while indicating that it would consider waiver applications for basic service providers that wanted to add other protocol conversions.
 
 See
 

 In the Matter of Communications Protocols under Section 64.702 of the Commission's Rules and Regulations
 
 ,
 
 95 F.C.C.2d 584
 
 , 590-92 ¶¶ 14-16 (1983).
 

 The Telecommunications Act of 1996, which amended the Communications Act, largely adopted the FCC's basic service and enhanced service categories in its definitions of telecommunications service and information service, respectively, with a very important change that is relevant here: it did not include protocol conversions in the definition of information service.
 
 Compare
 

 47 U.S.C. § 153
 
 (24)
 
 with
 

 Computer II
 
 at ¶ 5. In a 1998 report to Congress, the FCC admitted that its prior discussion of protocol processing in its 1996
 
 Non-Accounting Safeguards Order
 
 may be incorrect in light of that statutory definition, and it deferred the categorization of net protocol conversions to another day.
 
 In the Matter of Fed.-State Joint Bd. on Universal Serv.
 
 ,
 
 13 FCC Rcd. 11501
 
 ,
 
 1998 WL 166178
 
 , at ¶¶ 49-52 (1998) (the "
 
 Stevens Report
 
 ") (discussing
 
 Non-Accounting Safeguards Order
 
 at ¶¶ 104-07 ). It remained unclear whether protocol conversions amounted to
 
 transforming
 
 information, making the service an "information service," or were simply part of
 
 transmitting
 
 information, making it a "telecommunications service."
 

 Twenty years later, the lack of clarity continues. This is at least in part because the entire telephone network is in the process of changing from time-division multiplex ("TDM") to internet protocol ("IP"). The statute contemplates such transitions because it defines a telecommunications service as "offering [ ] telecommunications for a fee directly to the public ...
 
 regardless of the facilities used
 
 ."
 
 47 U.S.C. § 153
 
 (53) (emphasis added). If the converters used to pass calls between old and new network lines during a transition are the defining feature of an information service, then any telecommunications service would become a lightly regulated information service while using conversion and revert back to being a heavily regulated telecommunications service as soon as the transition from TDM to IP is complete. Such an understanding would create a functional end-run around the statutory language stating a telecommunications service remains such "regardless of the facilities used."
 

 While the FCC has not completely resolved the categorization of VoIP, it has issued some orders regarding IP lines, and Charter is avoiding that precedent based on a technicality regarding where conversion occurs. The FCC previously declared that AT&T's service is a telecommunications service, even though it uses IP lines in the middle of its network, because the call still enters and exits the network on traditional phone lines.
 
 See
 

 In the Matter of Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services Are Exempt from Access Charges
 
 ,
 
 19 FCC Rcd. 7457
 
 (2004) ("
 
 IP-in-the-Middle Ruling
 
 "). Here, Charter's calls technically begin on IP lines and end on traditional phone lines - even though their customers use traditional phone lines to begin calls - because the converter box is inside the customer's home. The only practical difference between Charter's network and AT&T's network is whether the first converter box is inside or outside customers' homes.
 

 If performing the conversion from TDM to IP inside a customer's home is sufficient to convert a telecommunications service into an information service, then AT&T, or any similarly situated provider, could greatly reduce its regulatory burden simply by moving converter boxes inside customers' homes. A simple change of physical location would transform what used to be telecommunications services to information services. This may explain why the FCC has yet to make categorical pronouncements on protocol conversions. An overarching category for all net protocol conversions would create a potential pathway for every company to escape the heavier telecommunications service regulations.
 

 The FCC started a proceeding to address the categorization of interconnected VoIP in 2004.
 
 See
 

 IP-Enabled Services
 
 ,
 
 19 FCC Rcd. 4863
 
 (2004). In its amicus brief to this Court, the FCC confirmed that this proceeding is still pending, stating that none of its prior authorities "purport[ ] to decide (nor should be read to definitively resolve) the regulatory classification" at issue here.
 

 II. Analysis
 

 In my view, the net protocol conversion in Charter's service makes it either a telecommunications service or something entirely outside the primary categories of services in the Communications Act. The one thing it cannot be is an information service.
 

 Under its statutory definition, an information service includes "transforming ... information via telecommunications."
 
 47 U.S.C. § 153
 
 (24). A telecommunications service is "the offering of telecommunications for a fee directly to the public."
 

 Id.
 

 § 153(53). Both types of services involve "telecommunications," which is defined as "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received."
 

 Id.
 

 § 153(50).
 

 If we assume that interconnected VoIP services "provide" "telecommunications" as defined in statute,
 
 [5]
 
 then we must presume that no "change" occurs between the two phone sets on either end of the interconnected VoIP line.
 
 See
 
 id.
 

 Charter argues that the telecommunications portion of its service is between the customer's premises and the media gateway that performs the protocol conversion, but this argument is
 incorrect since the receiving phone, not the media gateway, is the "point[ ] specified by the user."
 

 Id.
 

 As a result, when addressing the question of whether Charter's media gateway transforms information, in order to rule in favor of Charter, we would have to conclude that a device that does not change the form or content of information (because it is part of telecommunications) is also a device that transforms information (because it is an information service).
 
 See
 

 id.
 

 § 153(24), (50). The first conclusion forecloses the second one. In short, if Charter's service provides telecommunications (as defined in statute), then its net protocol conversion cannot be part of an information service, but instead must be part of a telecommunications service.
 

 On the other hand, if a net protocol conversion does "change" the information sent and received by users, it is not telecommunications by definition and is thus neither a part of a telecommunications service nor an information service (which, again, is offered "
 
 via telecommunications
 
 ").
 

 Id.
 

 § 153(24) (emphasis added), (50), (53). To be clear, protocol conversions do not necessarily place a service outside telecommunications as defined in the Communications Act. As the FCC has observed, whether a protocol conversion changes the form or content is assessed "as sent and received" by end users, meaning that a conversion that makes no net change to the information can be part of a telecommunications service.
 
 See
 

 Non-Accounting Safeguards Order
 
 at ¶ 106 ;
 
 IP-in-the-Middle Ruling
 
 at ¶¶ 12-13. But for our purposes, we need not attempt to resolve the decades-long dispute of how to categorize various types of protocol conversions.
 
 [6]
 
 It is sufficient that if Charter's net protocol conversion does not change the information (because it provides telecommunications), then its service cannot at the same time involve transforming the information (so as to make it an information service); and conversely, if Charter's net protocol conversion does change the information, then it is not telecommunications and thus not part of either category of service.
 

 I also reach no conclusions about whether the Communications Act or the FCC could preempt MPUC's regulations on
 
 other
 
 grounds. For example, the Communications Act requires that state regulation of universal service be consistent with FCC regulations.
 
 47 U.S.C. § 254
 
 (f). Furthermore, some portions of the Communications Act treat interconnected VoIP as distinct from other services,
 
 see,
 

 for example
 
 ,
 
 47 U.S.C. §§ 222
 
 (g), 615a-1(g) ;
 
 [7]
 

 but see
 
 id.
 

 § 620(a),
 
 [8]
 
 which suggests that a regulatory solution is needed beyond the narrow issue in this case. If new technology has made federal law insufficient to adequately address interconnected VoIP and its relationship to state law, then the FCC should use its existing authority to solve the problem or Congress should make any necessary statutory fixes.
 

 The question presented to us is rather narrow: whether the federal Communications Act categorizes net protocol conversions in interconnected VoIP as an information service. I conclude it does not. I also agree with the FCC that none of its prior orders purport to decide or should be
 read to definitively resolve the regulatory classification at issue here. Thus, I would reverse the district court's finding of preemption.
 

 The Parties agreed on this point, but it appears that no circuit court has ever addressed whether interconnected VoIP is by definition "telecommunications."
 
 See, e.g.
 
 ,
 
 Vonage Holdings Corp. v. FCC
 
 ,
 
 489 F.3d 1232
 
 , 1241 (D.C. Cir. 2007) (declining to reach the issue because it was not preserved for review).
 

 I find no merit in the MPUC's arguments that net protocol conversions meet the current telecommunications management exception categories for reasons similar to the majority, but I also see nothing in the statute that prevents the FCC from recognizing additional categories should it find that approach to be the best way to resolve an issue.
 

 The term "IP-enabled voice service" in these statutes refers to interconnected VoIP.
 
 See
 
 47 U.S.C. § 615b(8) (set out first).
 

 The term "advanced communications" includes interconnected VoIP.
 
 See
 

 47 U.S.C. § 153
 
 (1).